IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 3, 2015

### TERRY L. GLENN v. BRENDA JONES, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6776    Joe H. Walker III, Judge**

_____

**No. W2014-01738-CCA-R3-HC  -  Filed June 29, 2015**

_____

The Petitioner, Terry L. Glenn, appeals the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief from his 1989 convictions for first degree burglary and grand larceny and his effective twenty-five-year sentence.  He contends that the judgments are void.  We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Terry L. Glenn, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Senior Counsel; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 10, 1989, the Petitioner pleaded guilty to first degree burglary and grand larceny and was sentenced as a Range II, persistent offender for an especially aggravated offense to consecutive terms of fifteen years' confinement for the first degree burglary and ten years' confinement for the grand larceny, to be served consecutively to a previously imposed 460-day sentence, for an effective twenty-five-year sentence.  On July 31, 2014, he filed a pro se petition for a writ of habeas corpus alleging multiple grounds for relief, including that the judgments were void, that the plea agreement was breached, and that his dual convictions for first degree burglary and grand larceny violated principles of double jeopardy.  The habeas corpus court summarily denied relief, concluding that the Petitioner's sentences had not expired, that the trial court had

jurisdiction to sentence the Petitioner, that the judgment forms were adequate, and that even if the agreement were breached and a double jeopardy violation occurred, the judgments would be voidable, not void. This appeal followed.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

**I**

**Release Eligibility Date or Percentage**

The Petitioner contends that the judgments are void because the forms do not reflect a release eligibility date or percentage of the sentences he is required to serve. He argues the trial court's imposing his sentences without a release percentage contravened Tennessee Code Annotated section 40-35-501(e) (1982) (repealed 1989). Additionally, he argues his sentences are illegal because no statute authorizes the denial of a release eligibility date and because he received an effective "100% sentence," which does not exist under Tennessee law for his convictions. Finally, he argues that without a release eligibility date or percentage, neither judgment form is "full nor definite upon its face." The State argues the judgment forms provide for release eligibility because they indicate the Petitioner was sentenced as a Range II, persistent offender for an especially aggravated offense, which required 50% service of his sentences under former Code section 40-35-501(d) and (e) before he would be eligible for release. Alternatively, the

State argues any errors in release eligibility are non-jurisdictional because the Petitioner "plea bargained" for his sentences.

The Petitioner correctly notes that the judgment forms do not reflect a release eligibility date or percentage. However, "a 'technical' omission in a standard judgment form does not render a judgment void and is therefore not a basis for habeas corpus relief." *James R.W. Reynolds v. State*, No. M2003-00112-CCA-R3-HC, 2004 WL 1293275, at *4 (Tenn. Crim. App. June 8, 2004), *perm. app. denied* (Tenn. Oct. 4, 2004); *see Martin E. Walker v. Howard Carlton, Warden*, No. E2006-00452-CCA-R3-HC, 2008 WL 2695649, at *2 (Tenn. Crim. App. July 10, 2008) (holding that the silence of release eligibility on the judgment form did not void the judgment). The Petitioner has failed to state a cognizable habeas corpus claim and is not entitled to relief on this basis.

## II

### Plea Agreement

The Petitioner contends that the judgments are void on multiple grounds related to his plea agreement. First, he argues the State breached the agreement, which promised the State would dismiss the third and fourth counts in the indictment, by "resurrect[ing] the third and fourth counts . . . to enhance [his] punishment under the especially aggravated and persistent offender statutes, making [his] punishment fall under Range II." Second, he argues the agreement was illegal because the State promised "a sentence for both counts to be given at 35%" when 50% service of his sentences was required under Tennessee Code Annotated section 40-35-501(e) before he could be eligible for release. Third, he argues the agreement was ambiguous because it allowed the State to dismiss the third and fourth counts while also "bring[ing] them back to enhance [his] punishment." He also contends that the judgments are void because the trial court lacked jurisdiction to approve his sentences and because the State was without the authority to ask for them. He asserts the State improperly relied upon the dismissed counts to request "enhance[d] punishment for an especially aggravated offense or a persistent offense" and did not file the required statement under Code section 40-35-202(a) (1982) (repealed 1989). The State argues the Petitioner has failed to provide adequate factual support for his allegations by not including the agreement and the guilty plea hearing transcript in the appellate record. Alternatively, the State argues that nothing on the face of the judgments or the record of the proceedings shows that the court lacked jurisdiction to sentence the Petitioner or that the Petitioner's sentences have expired.

Relative to the Petitioner's argument that the State breached the plea agreement, this court has said that a breached agreement would render a judgment voidable, not void. *See, e.g.*, *Terrance Lowdermilk v. State*, No. E2007-00872-CCA-R3-HC, 2008 WL 104156, at *1, *3 (Tenn. Crim. App. Jan. 10, 2008), *perm. app. denied* (Tenn. May 27,

2008); *Manny T. Anderson v. State*, No. M2004-02116-CCA-R3-HC, 2006 WL 739885, at *2 (Tenn. Crim. App. Mar. 23, 2006).

Relative to the Petitioner's argument that the State offered an illegal sentence, a petitioner has the burden to provide an adequate record for his habeas corpus claim, and "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Summers*, 212 S.W.3d at 261. The Petitioner has failed to provide an adequate record for summary review that shows the State offered an illegal release eligibility percentage as part of his plea agreement. While the Petitioner asserts that the State promised him a release percentage of 35%, the only document he provided with respect to this issue was a memorandum from his lawyer that references "35." Release eligibility, however, was not discussed in the portion of the plea hearing transcript the Petitioner has attached to his petition for the purpose of showing his agreement. Without more, we cannot conclude that the State offered the Petitioner a release percentage of 35%. *See Summers*, 212 S.W.3d at 259 (stating a habeas corpus court may only consider "the face of the judgment and the record of the proceedings upon which the judgment was rendered").

We note that the 1982 Sentencing Act did not provide a release eligibility percentage of 35%. *See* T.C.A. § 40-35-501(b)-(e) (1982) (repealed 1989). In any event, the release percentage offered to the Petitioner is irrelevant to our inquiry. Unless an illegal offer has ripened into a void judgment, a habeas corpus court has nothing to consider.

The Petitioner also argues his plea agreement was ambiguous. However, determining whether the agreement is ambiguous requires evidence beyond the face of the judgments and the record. "When a petitioner must offer proof beyond the record to establish the invalidity of a conviction, the judgment is merely voidable and not void." *Summers*, 212 S.W.3d at 258. The Petitioner has failed to state a cognizable habeas corpus claim and is not entitled to relief on this basis.

**III**

**Especially Aggravated Offender Classification**

The Petitioner contends that the first degree burglary judgment is void due to his classification as an especially aggravated offender. He argues the trial court lacked jurisdiction to sentence him pursuant to that classification, and thus, it contravened Tennessee Code Annotated section 40-35-107(6)(A) (1982) (repealed 1989). He asserts the first degree burglary charge contained two enhancement factors for committing the crime in an aggravated manner – committing the crime at nighttime and using a firearm.

-4-

The State argues that nothing on the face of the judgment or the record of the proceedings shows the court lacked jurisdiction to sentence the Petitioner. The State asserts the court was not prohibited from sentencing the Petitioner as an especially aggravated offender under former Code section 40-35-107(6)(A) because the first degree burglary statute in effect only provided for sentence enhancement "if the person convicted of this crime had in his possession a firearm at the time of the breaking and entering," which the indictment did not allege. T.C.A. § 39-3-401(c) (1982) (repealed 1989).

"[H]abeas corpus relief is not available to correct errors or irregularities in offender classification. Rather, relief for such non-jurisdictional errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008). The Petitioner has failed to state a cognizable habeas corpus claim and is not entitled to relief on this basis.

## IV

## Range II, Persistent Offender Classification

The Petitioner contends that the judgments are void because the trial court lacked jurisdiction to sentence him as a Range II, persistent offender. He asserts the State failed to file the proper enhancement notice under Tennessee Code Annotated section 40-35-202(a). The State argues the indictment put the Petitioner on notice of its intent to seek enhanced punishment because the third and fourth counts of the indictment charged him with being a habitual offender and identified his prior felony convictions. Alternatively, the State argues that the Petitioner's claim, if proven, would only render the judgments voidable.

This court has previously held "that even a complete lack of notice would render a judgment merely voidable and, therefore, not eligible for habeas corpus relief." *Larry W. Anderson v. State*, No. W2013-02402-CCA-R3-HC, 2014 WL 2592364, at *3 (Tenn. Crim. App. June 10, 2014); *see Edwards*, 269 S.W.3d at 917 (holding that the trial court's allegedly erroneous classification of the petitioner as a persistent offender rendered the judgment voidable and that the petitioner was ineligible for habeas corpus relief). The Petitioner has failed to state a cognizable habeas corpus claim and is not entitled to relief on this basis.

## V

## Double Jeopardy

The Petitioner contends that at least one of the judgments is void on double jeopardy grounds because he was convicted of both first degree burglary and grand larceny. He argues that "[a]ll of the [e]lements of grand larceny are found in one [e]lement of the burglary statute, [i.e.], the intent to commit grand larceny." The State argues double jeopardy claims are not cognizable for habeas corpus relief. We agree with the State.

This court has held that "a violation of principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief." *Tiffany Davis v. Brenda Jones, Warden*, No. M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App. July 30, 2014); *see, e.g.*, *Joseph L. Coleman v. State*, No. W2013-00884-CCA-R3-HC, 2013 WL 6188349, at *3 (Tenn. Crim. App. Nov. 25, 2013), *perm. app. denied* (Tenn. Apr. 10, 2014). The Petitioner has failed to state a cognizable habeas corpus claim for relief on this basis.

Based upon the foregoing and the record as a whole, we conclude that the habeas corpus court did not err by summarily denying relief. We affirm the judgment of the habeas corpus court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE